UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PANKUL MATHUR, ) | |
| Plaintiff, ) | |
| ) | Case No. 13 cv 7206 |
| v. ) | |
| ) | Judge Sharon Johnson Coleman |
| HOSPITALITY PROPERTIES TRUST, ) | |
| A Massachusetts-based Real Estate ) | |
| Investment Trust, and WYNDHAM HOTEL ) | |
| MANAGEMENT, INC., A Delaware Corporation, ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on plaintiff Pankul Mathur's motion to remand. For the following reasons, Mathur's motion is respectfully denied.

**Background**

Mathur brings this negligence action against defendants Hospitality Properties Trust and Wyndham Hotel Management, Inc. ("Defendants"). Mathur is a Captain for Air India Airlines and, on April 15, 2013, Mathur and his flight crew stayed overnight at Hotel 71 in downtown Chicago. Mathur's complaint alleges he was woken up, assaulted and robbed of more than $500 in his hotel room. Mathur alleges that hotel staff worked in concert with the assailant, ignored Mathur's pleas for help, refused to apprehend the assailant and delayed in calling the police.

On June 10, 2013, Mathur sent Defendants a pre-complaint settlement demand for $400,000. On July 16, Mathur filed the instant action in the Circuit Court of Cook County seeking compensatory and punitive damages. Attached to his complaint a Rule 222(b) certification which stated he would seek damages in excess of $50,000. Defendants were served with the complaint on August 6. On September 17, Mathur re-sent the pre-complaint settlement demand to Defendants.

On September 26, Defendants requested that Mathur sign a damages stipulation to which Mathur responded the same day that he would seek in excess of $75,000 should the matter proceed to trial. Defendants removed the case on October 8, 2013. Plaintiff now moves to remand arguing that Defendants' removal was untimely.

**Legal Standard**

The Seventh Circuit recently clarified the two different 30-day time limits for removal set out in 28 U.S.C. §1446. *See Walker v. Trailer Transit, Inc.*, 727 F.3d 819 (7th Cir. 2013). Generally, a defendant may remand a case to the district court within 30 days after service of the initial pleading. 28 U.S.C. §1446(b)(1). However, where the initial pleading is not removable on its face, the case may be removed "within 30 days after receipt of service of an amended pleading, motion or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. 1446(b)(3). With respect to the amount in controversy under §1446(b)(3), "the clock commences *only* when the defendant receives a post-complaint pleading or other paper that affirmatively and unambiguously specifies a damages amount sufficient to satisfy the federal jurisdictional minimums." *Walker*, 727 F.3d at 825 (emphasis in original).

**Discussion**

Mathur argues that his pre-complaint settlement demand was sufficient to put Defendants on notice that the action, once initiated, was removable. Mathur reasons that Defendants were on notice upon service of the complaint and thus, the October 8 removal was untimely. Mathur also asserts Defendants' failure to attach certain documents, including the Rule 222(b) Certification, to the notice of removal mandates remand. Finally, Mathur contends that, even without the June 10 demand letter, Defendants knew or should have known compensatory and punitive damages could be in excess of $75,000 based on the allegations in the complaint. Defendants contend Mathur's complaint was not removable on its face and Defendants' removal was timely based on Mathur's assertion on September 26 that he would seek in excess of $75,000 should the matter proceed to trial.

As an initial matter, the Court finds Mathur's complaint is not removable on its face because it does not "affirmatively and unambiguously reveal that the predicates for removal are present." *Walker*, 727 F.3d at 824. Moreover, in light of *Walker*, a pre-complaint settlement demand is insufficient to trigger the 30-day removal clock upon service of the complaint. As the Seventh Circuit explained, "[a]ssessing the timeliness of removal should not involve a fact-intensive inquiry about what the defendant subjectively knew or should have discovered through independent investigation." *Walker*, 727 F.3d at 825. Rather, "the 30-day clock is triggered by pleadings, papers and other litigation materials actually received by the defendant or filed with

the state court during the course of litigation." *Id*. Thus, there is no timeliness issue as to §1446(b)(1).

With respect to §1446(b)(3), Defendants timely removed the case with 30 days of receiving "a post-complaint pleading or other paper that affirmatively and unambiguously specifies a damages amount sufficient to satisfy the federal jurisdictional amount." *Id*. Here, Mathur affirmed in an email on September 26 that he would seek more than $75,000 should the matter proceed to trial. (Dkt. #1, Removal, Ex. C.) This email constitutes such "other paper" sufficient to trigger the 30-day removal clock. Thus, Defendants' October 8 removal was timely. Defendants' failure to attach certain documents to the notice of removal is not fatal to Defendants' removal. *See e.g. Porch-Clark v. Engelhart*, 930 F. Supp. 2d 928, 933 (N.D. Ill. 2013), aff'd (Dec. 10, 2013) (failure to attach a copy of all process, pleadings, and orders pursuant to §1446(a) "is not jurisdictional and will not result in remand as long as sufficient documents are attached to show the basis for jurisdiction").

**Conclusion**

For the foregoing reasons, Mathur's motion to remand is respectfully denied.

IT IS SO ORDERED.

_____
Date: March 31, 2014

United States District Judge