UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PANKUL MATHUR ) | |
| Plaintiff, ) | |
| ) | Case No. 13 cv 7206 |
| v. ) | |
| ) | Judge Sharon Johnson Coleman |
| HOSPITALITY PROPERTIES TRUST, ) | |
| a Massachusetts-based Real Estate Investment ) | |
| Trust, and WYNDHAM HOTEL ) | |
| MANAGEMENT, INC., a Delaware Corporation, ) | |
| ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Pankul Mathur moves this Court to dismiss his Complaint based on a lack of subject matter jurisdiction, and requests that the matter be remanded back to the state court from which it was removed. Defendants Hospitality Properties Trust ("HPT") and Wyndham Management, Inc. ("Wyndham"), oppose Mathur's motion. For the reasons that follow, Mathur's motion is denied.

**Background**

When Mathur filed his original complaint in state court on or about July 16, 2013, he identified HPT as a "publicly traded real estate investment trust based in Newton, Massachussetts." Complaint, ¶ 2 (dkt 1-1). Subsequently, HPT filed its notice of removal on diversity grounds, setting forth that the amount in controversy exceeded $75,000 and that complete diversity of citizenship exists between the parties. The Notice provides that Mathur is a citizen of the Republic of India, HPT is a "real estate investment trust organized under the laws of Maryland with its principal place of business in Newton, Massachussets[,]" and Wyndham is a corporation organized under Delaware laws and with its principal place of business in Parsippany, New Jersey. (Dkt 1, p. 2). The case was removed to the district court on October 8, 2013, and Mathur moved to remand it back to state court on October 25, 2013.

On March 31, 2014, the Court denied Mathur's motion to remand, concluding that Defendants timely removed the action to the district court. In the instant motion to dismiss,

1

Mathur contends HPT's trustee and state of citizenship is not identified in Defendant's Notice of Removal ("Notice") and therefore, the Notice is defective. Mathur thus argues that this Court does not have subject matter jurisdiction over this matter. He further alleges that on August 11, 2014, his counsel requested, in writing, that HPT correct its error of failing to provide the citizenship of the trustee, but that HPT failed to respond. Mathur then filed the instant motion on August 15, 2014.

On August 18, 2014, in response to Mathur's allegation that HPT failed to respond to his request that HPT correct its Notice, HPT filed a supplement to its Notice of Removal. In the supplement, HPT set forth the states of citizenship of all five of its trustees since April 1, 2013: Massachusetts, California, New Jersey, and New Hampshire. HPT also provided an affidavit of its senior vice president, Ethan Bornstein, setting forth the same.

Six days later, on August 24, 2014, Mathur filed a supplement to the instant motion to dismiss in direct response to HPT's supplement to Defendants' Notice of Removal, making two additional arguments: (1) HPT cannot add missing allegations more than 30 days after the time to remove has expired; and (2) HPT's statement that diversity existed "at all relevant times" is deficient where diversity must exist at the commencement of the lawsuit and at the time of removal.

HPT responded to Mathur's motion and supplement, arguing that Defendants appropriately supplemented their allegations of diversity jurisdiction and explaining in a footnote that it did not seek leave of court to amend its Notice of Removal because Mathur's counsel informed HPT that Mathur would add the appropriate citizenship information to Mathur's Amended Complaint. Mathur does not address this allegation in his reply in support of his motion to dismiss.

**Legal Standard**

Removal to federal court is proper when a diversity of citizenship exists between the parties. See 28 U.S.C. § 1332. A notice of removal must usually be filed within 30 days of a defendant's being served or receiving a copy of the complaint. 28 U.S.C. § 1446(b). After the 30-day removal period, a defendant may amend "defective allegations of jurisdiction" only with the court's permission. See 28 U.S.C. § 1653.

**Discussion**

Mathur argues that HPT cannot amend its Notice of Removal to now identify HPT as a trust and to provide the citizenship of its trustee because more than 30 days have lapsed since Defendants filed their Notice. HPT responds that Defendants' mistaken allegation in the Notice regarding HPT's citizenship was a technical defect that may be amended after the 30-day period for removal has expired.

Federal district courts sitting in Illinois interpret Section 1653 to permit amendment of technical defects in a notice of removal after the 30-day period expires. See *Tuholski v. Delavan Rescue Squad, Inc.*, No. 13-1093, 2013 WL 4052611, *2-3 (N.D. Ill., Aug. 12, 2013) (Aspen, J.) (permitting leave to amend notice of removal where defendant did not provide a definitive statement of citizenship and instead stated "upon information and belief"); *Pinnacle Performance v. Garbis*, No. 12-cv-1136, 2012 WL 1378673, *3 (N.D. Ill. April 20, 2012) (Leinenweber, J.) (granting defendants leave to amend their notice of removal where the notice failed to allege the citizenship of one of the defendants, and noting that diversity was not actually in dispute where the original complaint filed in state court provided imperfectly stated citizenship information of the missing party); and *Jones v. Coombs*, No. 09-933, 1020 WL 1416041, *1 (S.D. Ill. April 1, 2010) (Gilbert, J.) (sua sponte granting defendant leave to correct jurisdictional defects where the notice of removal alleged states of residence but not states of citizenship).

Here, the basis of federal jurisdiction has not changed; it is still diversity jurisdiction. The Notice states that HPT is a real estate investment trust organized under Maryland law with its principal place of business in Newton, Massachusetts. The Complaint similarly provides that HPT is a real estate trust based in Newton, Massachusetts. Both parties clearly intended to establish the citizenship of HPT. However, they were mistaken regarding the proper legal standard for establishing citizenship of a trust, rather than that of a corporation. A trust's citizenship is determined by that of its trustee. See *White Pearl Inversiones S.A. v. Cemusa, Inc.*, 647 F.3d 684, 686 (7th Cir. 2011); *Guaranty Nat. Title Co., Inc. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996). The parties now agree on this proposition, which is in fact the law. Based on these facts, it is clear to the Court that HPT's pleading of its principal place of business as its place of citizenship, rather providing its trustees' place of citizenship, is a technical mistake. The

Court also notes that diversity jurisdiction is not actually in dispute where all the parties are in fact citizens of different states.

**Conclusion**

Therefore, the Court concludes that the defect in the Notice of Removal is curable, and denies Mathur's motion to dismiss based on a lack of subject matter jurisdiction. The Court also sua sponte grants Defendants leave to amend their Notice of Removal by December 22, 2014 to correct any jurisdictional defects. Should HPT fail to do so, the Court will dismiss the matter for lack of subject matter jurisdiction on its own initiative, and will remand the matter to state court.

IT IS SO ORDERED.

_____
SHARON JOHNSON COLEMAN
United States District Judge

DATED:  December 8, 2014